**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————x

CL DIAMOND, L.P., NY,

               Plaintiff,          **Case No.:**

v.

                                **COMPLAINT**

DANTES TRADING & ADVISORY LLC
and HERBERT MENDOZA,

               Defendants.

———————————————————————x

       Plaintiff, CL Diamond, L.P., NY ("CL Diamond" or "Plaintiff") for its causes of action against Defendants Dantes Trading & Advisory LLC ("Dantes Trading") and Herbert Mendoza ("Mendoza") (together, "Defendants") alleges as follows:

## NATURE OF THE CASE

       1.     This is an action for breach of contract arising out of Dantes Trading's failure to make payment of $125,000 to CL Diamond in accordance with its obligations under a contract to re-purchase a 5.58 carat diamond from CL Diamond.

       2.     CL Diamond initially purchased the diamond from Dantes Trading pursuant to an Asset Purchase and Sales Agreement (the "Agreement") but granted Dantes Trading the option to re-purchase the diamond for a period of up to one year.

       3.     Shortly after its sale to CL Diamond, Dantes Trading elected to exercise its option to buy back the stone.

       4.     CL Diamond transferred the diamond to a mutually agreed third-party and it was further agreed that Dantes Trading would make four installment payments to CL Diamond.

5.      Despite Dantes Trading's exercise of the re-purchase option, and although CL Diamond returned the diamond in accordance with the terms of the Agreement, CL Diamond never received payment from Dantes.

6.      CL Diamond thus brings this action for breach of contract for failure to issue payment of $125,000 (plus interest, and the costs, expenses, and attorneys' fees incurred in this action).

<strong><u>JURISDICTION AND VENUE</u></strong>

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 because there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over Defendants, Dantes Trading and Herbert Mendoza. Defendants' acts were committed in the Southern District of New York, within the jurisdiction of this Court. Defendants have transacted business by purchasing assets within this State and judicial district. Defendants have engaged in substantial activity within this State and this judicial district and have had substantial contacts here, having purposefully availed themselves of the privilege of conducting business activities in the forum. Defendants have caused injury to Plaintiff within this state and within this judicial district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the Defendants may be found or transacts business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

10.     Furthermore, by way of the parties' Agreement, CL Diamond and Defendants contracted to have this Court adjudicate disputes arising out of the transactions and Agreement.

## PARTIES

11.     Plaintiff, CL Diamond, is a limited partnership duly organized and existing under the laws of the Cayman Islands and authorized to do business in the State of New York, with its principal place of business located at 16 East 52nd Street, Suite 702, New York, New York.

12.     Upon information and belief, Defendant, Dantes Trading, is limited company duly organized and existing under the laws of the State of Texas, with its principal place of business located at 102 Buffalo Trail, Liberty Hill, Tx, 78642.

13.     Upon information and belief, Defendant, Herbert Mendoza, is an individual residing in the State of Texas.

14.     Mendoza is the owner of Dantes Trading.

## FACTS

15.     On or about April 15, 2021, Dantes Trading and CL Diamond entered into the Agreement.

16.     Under the terms of the Agreement, Dantes Trading agreed to sell a 5.58 carat Radiant, Fancy Pink Purple Diamond (the "Asset") to CL Diamond.

17.     A description of the Asset is listed in the Schedule of Assets, annexed to the Agreement.

18.     Section four of the Agreement granted Dantes Trading, as the seller, the option to repurchase the Asset until May 15, 2021.

19.     Section four of the Agreement further grants Dantes Trading "the right to extent the Option for a month at a time, up to a maximum of eleven (11) additional months."

20.     On or about July 30, 2021, Dantes Trading notified CL Diamond that it wished to exercise its option to re-purchase the Asset.

21.     In furtherance of Dantes Trading's exercise of the re-purchase option, Dantes Trading and CL Diamond entered into an Amendment to the Asset Purchase and Sales Agreement (the "Amendment").

22.     The Amendment reaffirmed the obligations of Dantes Trading under the Agreement, and further served to memorialize Dantes Trading's exercise of its option to repurchase the Asset.

23.     Pursuant to the terms of the Amendment, Dantes Trading agreed to pay $550,000 to CL Diamond in consideration for its its exercise of the option and re-purchase the Asset.

24.     Dantes Trading agreed to the following payment schedule under the terms of the Amendment:

> $125,000 on November 15, 2021;
> $125,000 on February 15, 2022;
> $125,000 on May 16, 2022; and
> $175,000 on December 16, 2022

Amendment, ¶ 1.

25.     Under the Amendment, Herbert Mendoza agreed "to be held personally liable for the obligations of Dantes Trading, in relation to the above-referenced Agreement, including but not limited to the payment of the Purchase Price."  Amendment, ¶ 2.

26.     The Amendment also contains a provision for the payment of all reasonable attorneys' fees by Dantes Trading in the event of breach or non-performance:

> If Dantes Trading should breach or fail to perform any provision of this Amendment or the Agreement, Dantes Trading shall pay to CL Diamond L.P., NY all reasonable costs and expenses, including court costs and reasonable attorneys' fees, incurred by CL Diamond L.P., NY in the enforcement thereof

Amendment, ¶ 6.

4

27.     CL Diamond transferred the Asset to the custody of a mutually agreed-upon third party, pursuant to the terms of the Amendment and in accordance with Dantes Trading's express instructions.

28.     On November 15, 2021, Dantes Trading failed to make payment of $125,000 to CL Diamond pursuant to the terms of the Amendment.

29.     CL Diamond contacted Dantes Trading and Mendoza to obtain payment pursuant to the Amendment's agreed upon terms.

30.     Dantes Trading and Mendoza did not provide any excuse or justification for their failure to make payment

31.     On December 22, 2021, counsel for CL Diamond noticed to Dantes Trading and Mendoza's breaches of the Agreement and Amendment, and demanded the payment that was due on November 15, 2021.

32.     Dantes Trading and Mendoza did not respond.

33.     Dantes Trading and Mendoza have not made payment to CL Diamond.

### FIRST CAUSE OF ACTION
**Breach of Contract against Dantes Trading and Mendoza**

34.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

35.     The Asset Purchase and Sales Agreement and Amendment constitutes a valid and binding contract between CL Diamond, and Dantes Trading.

36.     Herbert Mendoza agreed to personally guarantee the obligations of Dantes Trading in the Amendment to the Asset Purchase and Sales Agreement.

37.     CL Diamond performed all of its obligations pursuant to the Asset Purchase and Sales Agreement and Amendment and/or such obligations were waived.

38.     Defendants Dantes Trading and Mendoza breached the Asset Purchase and Sales Agreement and Amendment by failing to make payment of $125,000 on November 15, 2021, as required by the payment schedule in the Amendment to the Asset Purchase and Sales Agreement.

39.     As a result of Dantes Trading and Mendoza's material breaches of the Asset Purchase and Sales Agreement and Amendment, CL Diamond was damaged in an amount to be determined at trial.

**<u>SECOND CAUSE OF ACTION</u>**
**Costs, Expenses, And Attorneys' Fees Against Dantes Trading and Mendoza**

40.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

41.     Under the Amendment to the Asset Purchase and Sales Agreement, "[i]f Dantes Trading should breach or fail to perform any provision of this Amendment, or the Agreement, Dantes Trading shall pay to CL Diamond L.P., NY all reasonable costs and expenses, including court costs and reasonable attorneys' fees, incurred by CL Diamond L.P., NY in the enforcement hereof."

42.     Dantes Trading was required by the Amendment to the Asset Purchase and Sales Agreement to make a payment of $125,000 to CL Diamond on November 15, 2021.

43.     Dantes Trading breached the Amendment to the Asset Purchase and Sales Agreement by failing to make payment of $125,000 on November 15, 2021.

44.     CL Diamond has incurred costs, expenses, and attorneys' fees as a result of Dantes Trading's non-payment.

45.     By reason of the foregoing, Plaintiff is entitled to reimbursement from Dantes Trading for all costs, expenses, and attorneys' fees (with interest thereon) incurred by Plaintiff in commencing and prosecuting this action, in an amount to be determined at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

a)  Compensatory damages from the defendants in excess of $125,000;

b)  Reasonable attorneys' fees; and

c)  Such other and further relief as the Court may deem just and proper.

Dated:  Rockville Centre, New York
        January 24, 2022

Respectfully submitted,

/s/ *Jessica M. Moore*
**FALCON RAPPAPORT & BERKMAN PLLC**
By:    Paul M. O'Brien, Esq. (PO1990)
        Jessica Moore, Esq. (JM5856083)
*Attorneys for Plaintiff*
265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570
(516) 599-0888
pobrien@frblaw.com
jmoore@frblaw.com